UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KARYN KOPECKO, | Civil No. 11-3310 (JRT/AJB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |
| GMAC MORTGAGE, LLC, *Successor to GMAC Mortgage Corporation*, and DAVE BELLOWS, *Dakota County Sheriff*, | |
| Defendants. | |

 Kenneth Hertz, **HERTZ LAW OFFICES, PA**, 3853 Central Avenue Northeast, Columbia Heights, MN 55421; and Michael Kemp, **MET LAW GROUP**, 500 Laurel Avenue, Saint Paul, MN 55102, for plaintiff.

 Eleasalo V. Ale and Ellen B. Silverman, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendant GMAC Mortgage, LLC.

 Andrea G. White, Assistant Dakota County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendant Dave Bellows.

 Plaintiff Karen Kopecko sued Defendants GMAC Mortgage, LLC ("GMAC") and Dave Bellows, Dakota County Sheriff, after her home was foreclosed on and sold at a sheriff's sale. Kopecko seeks cancellation of the Sheriff's Certificate, declaration that the foreclosure, enjoinment of her eviction, and reinstatement of her mortgage. GMAC moves for dismissal of all of Kopecko's claims. (Docket No. 4.) The Court will dismiss

the Complaint, *sua sponte*, because Kopecko has failed to establish that this Court has subject matter jurisdiction.

## BACKGROUND

Kopecko is a resident of Minnesota, residing at 7546 165th Street West, Lakeville, Minnesota. (Compl. ¶ 1, Docket No. 1.) Defendant Bellows has an office in Hastings, Minnesota (*id.* ¶ 3), but his state of residency was not disclosed to the Court. Defendant GMAC has an office in Minnesota, but its residency for the purposes of 28 U.S.C. § 1332 was not disclosed to the Court.

## DISCUSSION

It is inappropriate for a Court to "reach a merits question when there is no Article III jurisdiction." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 97 n.2 (1998). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised . . . by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Moreover, a court has an independent obligation to determine whether subject matter jurisdiction exists. *Id.* at 514. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction cannot be forfeited or waived. *Arbaugh*, 546 U.S. at 514.

Subject matter jurisdiction may be established by federal question jurisdiction, 28 U.S.C. § 1331, or diversity-of-citizenship jurisdiction, *id.* § 1332. "The burden of proving subject matter jurisdiction falls on the plaintiff." *V S Ltd. P'ship v. Dep't of*

*Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Kopecko asserts no federal causes of action. (*See* Compl.) In order for the court to exercise diversity jurisdiction, there must exist "**complete** diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (emphasis added). Consequently, if either Bellows or GMAC is a citizen of Minnesota, this Court lacks subject matter jurisdiction. Because Kopecko did not adequately allege diversity jurisdiction or the citizenship of either Bellows[1] or GMAC, the Court concludes that the exercise of diversity of citizenship jurisdiction would be inappropriate. Therefore, the Court will dismiss Kopecko's Complaint for lack of subject matter jurisdiction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Karyn Kopecko's Complaint [Docket No. 1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction;

2. GMAC Mortgage, LLC's Motion to Dismiss [Docket No. 4] is **DENIED as moot**.

DATED: March 26, 2012  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge

---

[1] The Court notes Kopecko's admission that "Bellows, Dakota County Sheriff, is not a proper party and should be dismissed." (Pl.'s Mem. Opp. Mot. to Dismiss at 1, Docket No. 13.) Yet, even if the Court dismisses Bellows, *see* Fed. R. Civ. P. 21, the Court cannot be assured that it has jurisdiction.